J-S18009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
v.    :
   :
   :
PATRICIA A. SMITH    :
   :
Appellant    :    No. 1153 WDA 2023

Appeal from the Judgment of Sentence Entered September 6, 2023
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000163-2023

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: July 23, 2024**

Patricia A. Smith appeals from the judgment of sentence entered in the Clarion County Court of Common Pleas on September 6, 2023. We affirm.

On July 31, 2023, following a jury trial, Smith was found guilty of aggravated assault, assault of a law enforcement officer, disorderly conduct, and the summary offense of public drunkenness. Smith filed a post-trial motion, in which she requested to be evaluated for Clarion County's Treatment Court prior to sentencing. The court granted the motion and Smith was subsequently evaluated for Drug and Alcohol Treatment Court. Smith ultimately declined Treatment Court. *See* N.T. Sentencing, 9/6/23, at 3.

On September 6, 2023, the trial court sentenced Smith to an aggregate term of 24 to 48 months' incarceration, with credit for time served. This timely appeal followed.

In her sole issue on appeal, Smith challenges both the sufficiency and weight of the evidence supporting her convictions. We are constrained to conclude both challenges are waived.

It is well-established that "any issues not raised in a [Rule] 1925(b) statement will be deemed waived" for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the

issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted).

Here, Smith's Rule 1925(b) statement simply includes a blanket statement asserting her finding of guilty for "all charges" is against both the weight and sufficiency of the evidence. *See* Appellant's 1925(b) Statement, 10/4/23. The statement fails to "specify the element or elements upon which the evidence was insufficient" to support Smith's conviction. *Tyack*, 128 A.3d at 260 (citation omitted). As a result, we must conclude Smith's sufficiency of the evidence claim is waived on appeal. *See Williams*, 959 A.2d at 1257-58.

Further, a review of the record reveals Smith did not properly preserve a weight challenge before the trial court. Pennsylvania Rule of Criminal Procedure 607(A) requires a challenge to the weight of the evidence to be raised with the trial court in a motion for a new trial that is presented "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "Failure to properly preserve the claim will result in waiver, even if

the trial court addresses the issue in its opinion." ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citation omitted).

Smith did not file any post-sentence motions, let alone one challenging the weight of the evidence. Nor did Smith otherwise raise a challenge to the weight of the evidence in the trial court until the defective 1925(b) concise statement. Accordingly, her weight claim could be waived on this basis alone. ***See Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011).

Further, in her concise statement, and even now in her appellate brief, Smith continues to conflate the distinct issues of sufficiency and weight of the evidence.

"A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Spence***, 290 A.3d 301, 310 (Pa. Super. 2023) (citation omitted).

In framing her issue as a bald challenge to both the weight and the sufficiency of the evidence, Smith conflates two distinct claims with different standards of review. In ***Commonwealth v. Widmer***, 744 A.2d 745 (Pa. 2000), our Supreme Court highlighted the distinction between a challenge to the sufficiency of the evidence, which contests the quantity of the evidence presented at trial, and a challenge to the weight of the evidence, which attacks the quality of that evidence.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would

preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751–52 (citations, footnotes, and quotation marks omitted).

While Smith includes the word "weight" in the issue statement for her third argument section, she does not make any argument pertaining to conflicting evidence. Rather, she continues to argue that the evidence does

not support her conviction, and requests that her conviction be vacated. ***See*** Appellant's Brief, at 10-12. This is a sufficiency argument, not a weight claim.

As Smith has failed to preserve any claims on appeal, we affirm the judgment of sentence.[1]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024

_____

[1] We note with extreme displeasure the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004) (quoting Pa.R.A.P. 2112). In ***Pappas***, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." ***Id***. We echo that opinion and remind the Commonwealth of its obligation to file an appellee's brief in future appeals.

Due to our disposition, this deficiency did not interfere with our review. It remains that the issues were not preserved for our review.